<div style="margin-left:2em">FROST<br>
*v.*<br>
HARRISON.</div>

the drawees, being then partially in funds of the drawer, paid the plaintiff $343 94 on account, and that subsequently *Morris* made a settlement of his accounts with *Frost*, and promised to pay the balance. If it were shown affirmatively that there had been *laches* on the part of the holders in not presenting the bill for payment to the drawees, and so *Morris* had been discharged, his subsequent promise, made in ignorance of such discharge, might not bind him. But without any proof of such *laches*, we are permitted to infer an existing obligation to pay, moving and supporting the promise, and must hold the defendant to it. Or to state the legal result in other words, a promise to pay may, in the absence of any contradictory circumstances, be taken as sufficient *prima facie* evidence of a regular presentment and notice. See 7 Annual, p. —.

We think the Court did not err in dismissing the call in warranty. There was no privity of contract between *Carmena* and *Morris*.

Judgment affirmed, with costs.

Re-hearing refused.

---

### RICHARD CLAMPITT *v.* A. G. NEWPORT.

Suit on a promissory note payable to *Richard Clampitt*, administrator, &c. *Held: Clampitt might sue in his individual name.*

An attachment suit in Mississippi, where nothing is shown to have been made, is no bar to a personal action here.

APPEAL from the District Court, Seventh District, Parish of East Feliciana, *Stirling*, J. *Bowman & DeLee*, and *E. T. Merrick*, for plaintiff. *Muse & Hardee*, for defendant and appellant.

SLIDELL, J. The plaintiff, in his individual name, brought suit against *Newport* on the 6th January, 1851, upon an instrument of the following tenor:

$1120.                                   WOODVILLE, January 6, 1844.

Twelve months after date we, or either of us, promise to pay *Richard Clampitt*, administrator *de bonis non*, with the will annexed, of *Jacob Elsberry*, dec'd, eleven hundred and twenty dollars, for value received.

<div style="text-align:center">A. R. BROWN,<br>
A. C. NEWPORT,<br>
M. C. GAULDEN.</div>

The defendant excepted to the right of *Clampitt* to sue upon this instrument in his individual name. The exception was disregarded by the District Judge. His opinion is sustained by the cases of *Urquhart et al* v. *Taylor*, 5 Martin, 202, and *Gilman* v. *Horsley*, 5 New Series, 662. It is proper to add, that no set off is proved against *Clampitt*, either individually or officially.

Under our law this instrument, not being negotiable in its form, is subject to the prescription of ten years.

The law of Mississippi is not shown, and, therefore, no foundation is laid for any discussion of it.

The defendant pleaded that he was entitled to a credit for an amount made by plaintiff, under process in Mississippi. He has not averred or proved any specific amount so made.

*Brown* was cited in warranty as the principal of *Newport*, in the debt in question. He did not deny the existence of the relation of principal and surety. He relied upon an exception to the plaintiff's right to sue, which we have already noticed. He also contended the suit could not be maintained, in consequence of the attachment proceeding in Mississippi. There is no evidence that any thing was made in that suit, and the mere existence of such proceedings in that State, is not, in our opinion, a bar to a personal action here by the plaintiff against *Newport*, nor a defence against *Newport's* recourse to his principal.

Judgment affirmed, with costs.